IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELSIE TRUJILLO,

      Plaintiff,

                                              No. 2:15-cv-00936-KRS

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

      Defendant.

## ORDER STAYING PROCEEDINGS PENDING TENTH CIRCUIT'S DECISION IN *VALLEJO V. BERRYHILL*, NO. 17-1452

      Elsie Trujillo seeks review of the Social Security Administration's final action denying her disability insurance benefits and supplemental security income. The crux of the appeal is whether the Administrative Law Judge ("ALJ") properly considered Ms. Trujillo's complaints of pain and the medical evidence in concluding she retained the residual functional capacity ("RFC") to perform light work. According to Ms. Trujillo and as supported by a "medical source statement" from Colicia Meyerowitz, M.D., Ms. Trujillo's pain prevents her from standing more than an hour; walking more than 100 feet; sitting more than twenty minutes at a time; and lifting more than a bag of groceries. (AR 1218-19). If the ALJ was required to accept these restrictions, the ALJ's decision must be reversed because Ms. Trujillo is incapable of light work. Presiding by consent, *see* 28 U.S.C. § 636(c), the Court has thoroughly reviewed the administrative record, Ms. Trujillo's motion to remand (Doc. 33), the agency's response in opposition (Doc. 34), and Ms. Trujillo' reply. (Doc. 36). Having done so, the Court concludes a stay is warranted pending the Tenth Circuit's decision in *Vallejo v. Berryhill*, No. 17-1452 (10th

Cir., filed Dec. 19, 2017), which will provide guidance on how to address Dr. Meyerowitz's opinion.

In crafting the RFC, the ALJ contrasted Ms. Trujillo's complaints of debilitating pain with largely negative diagnostic findings and Ms. Trujillo's robust activities of daily living. (AR 35-43). While the ALJ acknowledged Ms. Trujillo's pain, the ALJ concluded the disabling effects were not entirely supported in the record. (AR 43). The specific limitations the ALJ assessed derive from the opinions of two non-examining, state-agency consultants, who evaluated the medical evidence as of 2013 and concluded Ms. Trujillo was able to (1) stand or walk for six hours in day; (2) "occasionally lift, carry, push and pull twenty pounds"; (3) "frequently lift, carry, push, and pull ten pounds"; (4) occasionally climb ramps and stairs, but never ladders, ropes or scaffolds; (5) frequently balance; (6) occasionally stoop, kneel, crouch and crawl, but must avoid concentrated exposure to extreme cold, vibrations and hazards. (AR 42).

Contrary to Ms. Trujillo's arguments, the Court is not convinced the ALJ erred in evaluating the evidence. The ALJ took an exhaustive approach to the record before her, noting almost every instance where Ms. Trujillo reported pain. (AR 35-43). The ALJ appropriately acknowledged objective diagnostic findings, Ms. Trujillo's tenderness to palpation, and issues with range of motion. (*Id.*) The ALJ also examined Ms. Trujillo's reports to her providers about her daily activities, evaluated her first-hand accounts of those actives, and discussed providers' recommendations to change her lifestyle—to become *more* active. (*Id.*). What Ms. Trujillo ultimately asks the Court to do is to reweigh the evidence, which the Court may not. *See Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). Even if the Court could read the record differently, substantial evidence nonetheless supports the ALJ's decision. *See id.*

One aspect of the case, however, prevents denial of Ms. Trujillo's motion to reverse and remand. After the ALJ rendered her decision, Ms. Trujillo submitted Dr. Meyerowitz's opinion to the Appeals Council. (AR 7-28). Dr. Meyerowitz, who began treating Ms. Trujillo in June 2013, concluded in a "medical source statement" dated May 3, 2016 that Ms. Trujillo could only sit for fifteen minutes and stand for ten minutes continuously. (AR 1204). Moreover, within an 8 hour work day, Ms. Trujillo could stand and walk less than two hours and sit for about four hours. (AR 1204). Functionally, Dr. Meyerowitz's assessment means Ms. Trujillo cannot perform light work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b); SSR 83-10, 1983 SSR LEXIS 30 at *14 (Jan. 1, 1983) (stating "light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday"). Significantly, up until this point, no doctor that had examined Ms. Trujillo had assessed how Ms. Trujillo's pain translates into an inability to perform work. Although consultants reviewed her records, they did not have the benefit of in-person interaction and observation. *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (explaining that, typically, an ALJ should give greater weight to the opinion of a treating physician than to that of a consultant or non-examining physician).

The Court cannot fault the ALJ. Dr. Meyerowitz's medical source statement was not before the ALJ. Equally true, however, is that had Ms. Trujillo provided the ALJ with Dr. Meyerowitz's opinion, the ALJ would have had to conduct a two-step analysis to first determine whether the opinion was entitled to controlling weight, and if not, what weight to give the opinion. *See Langley*, 373 F.3d at 1119. In determining weight, the ALJ would also have been obligated to assess six regulatory factors, ranging from the length of the treating relationship to the consistency of the opinion with the record. *Id.* (citation omitted). Further, had Dr. Meyerowitz's evaluation been available to the ALJ, the ALJ's determination as written would

not be supported by substantial evidence. *See Wall v. Astrue*, 561 F.3d 1048 (10th Cir. 2009) (directing courts to "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met"). Finally, under established law, the Court may not perform the treating physician analysis or assess the evidence for the ALJ. *See Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993). In short, if Dr. Meyerowitz's opinion is included in the record, the ALJ's decision is legally unsound and unsupported by substantial evidence.

Under traditional principles of administrative law, the absence of Dr. Meyerowitz's medical source statement from the materials before the ALJ would normally mean the opinion is not part of the administrative record and not reviewable here. *See*, *e.g., New Mexico Env. Imp. Div. v. Thomas*, 789 F.2d 825, 834 (10th Cir. 1986) (explaining that information not presented to and thus not considered by the agency decision maker is not part of the administrative record). Not so in the Social Security context: the Appeal Council's denial of review of Dr. Meyerowitz's opinion means it becomes part of the record. *See Vallejo v. Berryhill*, 849 F.3d 951, 955 (10th. Cir. 2017) (citing 20 C.F.R § 416.927(e)(3)). Yet without the ALJ's consideration of this new information in the first place, the ALJ's decision necessarily is unsound, albeit without any fault to the ALJ; the records were not yet in the record. *See Thompson*, 987 F.2d at 1487; *Langley*, 373 F.3d at 1119. Thus, the circumstances counsel, if not blatantly require, remand for the ALJ to weigh Dr. Meyerowitz's opinions.

However, the Tenth Circuit appears to have foreclosed remand as an option. In *Vallejo*, the court of appeals reversed the district court's decision to remand the case to the Appeals Council for failure to apply the treating physician rule to an assessment that postdated the ALJ's determination. 849 F.3d at 955. As in this case, the Appeals Council, without explanation,

denied review for the sole reason that the opinion would not change the case's outcome. In reversing the district court, the court of appeals rejected both the contention that the Appeals Council had to make reasoned findings as well as the alternative argument that the district court "couldn't determine whether substantial evidence supports the Commissioner's decision" without the ALJ's evaluation in the first place. *Id.* at 955 (reasoning that although "an express analysis of the Appeals Council's determination would be helpful for purposes of judicial review nothing . . . requires such an analysis where new evidence is submitted and the Appeals Council denies review"). The court of appeals explained that the district court's "only option was to conduct a substantial-evidence review by assessing the entire agency record, including [the treating doctor's] never-before assessed opinion." *Id.*

The internal tension that *Vallejo* creates is not lost on this Court and was not lost on the district court on remand. The district court in *Vallejo* framed the conflict as follows:

> This Court has scrutinized the 10th Circuit's decision and find[s] that it creates a seemingly-inescapable procedural thicket. Nearly every conceivable approach . . . [on] remand leads to the same conclusion— that the Commissioner's decision is insufficient—yet the procedural mechanisms for accomplishing the apparently-inevitable outcome are often foreclosed . . . .
>
> The Court begins with the fact that [the treating source's] opinion is now a part of the agency's record. . . . And because [the source] is a treating physician of [the plaintiff], the Commissioner is required to make specific factual findings that address the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. The failure of the factfinder to explain the weight given to the treating physician's opinion is an error of law requiring remand.
>
> Here, the ALJ offered no explanation of the weight given to [the physician's] opinion because, quite obviously, that opinion was not yet in the record. . . . Because the Appeals Council denied review, the ALJ's ruling has thus become the [agency's] final decision . . . . Therefore, because neither the ALJ nor the Appeals Council ever made the necessary findings regarding the weight . . . the final decision . . . is infected by a legal error that requires remand.

> But the 10th Circuit's decision seems to foreclose . . . remanding the matter to the Commissioner for further consideration. . . . The 10th Circuit . . . explain[ed] that . . . the district court's only option was to conduct a substantial-evidence review by assessing the entire agency record, including . . . [the] never-before assessed opinion. But again, . . . the law requires the . . . ALJ to address the weight to be given to a treating physician's opinion. The ALJ's . . . decision does not do so, and thus, the decision is inherently defective and incapable of surviving a substantial evidence review. Reversal of the Commissioner's decision and a remand for further fact finding is the only remedy that could possibly result. It is difficult to imagine that the 10th Circuit would remand the matter to this Court simply so that the Court could conduct an assessment whose outcome was obvious and inevitable, but that appears to be what has happened.
> . . .
> Thus, it appears to the Court that by accepting [the doctor's] opinion into the record but refusing to weigh it, the Commissioner has made a decision that has an inherently fatal defect. Yet this Court's reading of the 10th Circuit's decision in this and other cases leaves the Court with no clear procedural mechanism to carry out a review of that decision that can be in any way meaningful.

*Vallejo v. Berryhill*, 2017 U.S. Dist. LEXIS 173652, *7-10 (D.N.M. Oct. 30, 2017) (internal citation and quotation marks omitted).[1]

This Court faces the same "procedural thicket" as did the district court above. Rather than guess what the Tenth Circuit intended in *Vallejo*, however, the Court believes there is another alternative. The agency has appealed the district court's decision on remand in *Vallejo*, which squarely puts before the Tenth Circuit what options are available and proper for this Court to undertake when there is a treating physician opinion in the record that the ALJ did not and could not have adequately considered and assessed. Because the Tenth Circuit's forthcoming ruling necessarily must shed light on the "procedural mechanism" in this context, the Court believes a stay of proceedings is warranted. *See State Farm Mut. Auto. Ins. Co. v. Allen*, 2016 U.S. Dist. LEXIS 71959, *4-5 (staying proceedings *sua sponte* to await the decision of a Texas

---

[1] Ultimately, the district court remanded the matter, not for consideration of the new information from the treating doctor, but for an award of benefits. *See id.* (explaining that although "the Court has some doubt as to whether the 10th Circuit's reasoning in this case authorizes . . . remand . . . for further consideration," that type of "remand is unnecessary, as the Court finds that on the current record — including [the doctor's] opinion — there is no possible outcome in this case other than the award of benefits").

court based "the wide discretion to use the inherent power of the federal court to promote judicial efficiency"). The Court finds that staying these proceedings is in the interest of judicial economy and since the matter is already being briefed in the Tenth Circuit, the parties will not be prejudiced by a modest delay in order to ensure that Ms. Trujillo's claims are properly reviewed.

**IT IS, THEREFORE, ORDERED** that this matter is **STAYED** pending the Tenth Circuit's ruling in *Vallejo v. Berryhill*, No. 17-1452 (10th Cir., filed Dec. 19, 2017).

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by consent